# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 13, 2010

## CHRISTOPHER SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
No. P-28198     Paula Skahan, Judge

**No. W2009-01228-CCA-R3-PC  - Filed September 28, 2010**

The petitioner, Christopher Smith, appeals the denial of his petition for post-conviction relief. On appeal, he argues that his trial counsel was ineffective and that his due process rights were violated when the trial court failed to grant a severance. After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Brett B. Stein, Memphis, Tennessee, for the appellant, Christopher Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rachel Newton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner and his co-defendants were charged in connection with the especially aggravated kidnapping of two victims and the subsequent murder of one of those victims. The defendant, his co-defendants, and the victims were all members of the Gangster Disciples in Memphis. The facts underlying this case can be found in the opinion by this court on direct appeal in *State v. Mickens*, 123 S.W.3d 355, 365-68 (Tenn. Crim. App. 2003). The facts involved testimony by a former member of the Memphis Gangster Disciples about the organization of the gang. The events leading up to the kidnappings and murder involved the victim showing disrespect for higher-ranking members of the gang. The kidnappings and murder were punishment for the victim's alleged transgressions.

During the hearing on the petition for post-conviction relief, the petitioner testified that he was tried and convicted with three co-defendants in 1999, after other co-defendants had been tried and convicted for the same crimes. He filed a petition for post-conviction relief after his attempts to appeal his convictions were unsuccessful. He asserted that he received ineffective assistance of counsel. He testified that counsel failed to challenge the testimony of Robert Walker, Timothy Aldridge, and the victim, Ricky Aldridge. The petitioner also said that counsel was ineffective for failing to continue to question Walker after he testified that he did not know the petitioner. The petitioner acknowledged that counsel used a prior inconsistent statement in his examination of the victim but claimed that counsel should have made a different argument to the jury.

The petitioner testified that counsel should have conducted a background check on each witness. He also said that counsel did not effectively cross-examine the victim as to his alleged inability to choose the petitioner from a photograph array. He further testified that counsel should have more effectively cross-examined the victim's brother, an active gang member and participant in the victim's beating.

The petitioner testified that counsel should have better articulated the reasons supporting a severance of the petitioner from his co-defendants. The petitioner claimed that counsel made no move to sever or request a mistrial until after a co-defendant showed a gang sign to a witness.

Trial counsel testified that he used a private investigator to interview people who would speak to the defense. He said that he, as well as every other attorney who represented a co-defendant in the petitioner's trial, cross-examined Walker. When Walker admitted that he did not know the petitioner, despite his leadership position in the gang, he deemed the testimony beneficial and decided against further cross-examination of the witness. Counsel cross-examined each State witness and reviewed their prior testimony from the other trial involving these crimes. He testified that he would have challenged any inconsistent testimony. He filed a motion for a severance that was denied by the trial court and also was unsuccessful in his challenge of the denial of a severance on direct appeal.

The post-conviction court denied relief and found that counsel's decisions concerning the cross-examination of the State's witnesses and the motion to sever were not unreasonable decisions.

Analysis

The petitioner raises two issues on appeal. First, he argues that counsel was ineffective but makes no argument on appeal other than a boilerplate sentence on the basis

of post-conviction relief and a statement that he relies on the trial testimony for his argument. The State argues that this issue should be waived pursuant to Rule 10(b) of the Rules of the Tennessee Court of Criminal Appeals. The petitioner does not cite to the record or raise any new argument. Though waiver is appropriate, it is unnecessary because, based on the petitions, the transcript of the hearing, and the record as a whole, the petitioner has failed to show that trial counsel was ineffective.

The right to effective assistance of counsel is safeguarded by the constitutions of both the United States and the State of Tennessee. *See* U.S. Const. Amend. VI; Tenn. Const. Art. I, § 9. In order to determine the competence of counsel, Tennessee courts have applied standards developed in federal case law. *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The United States Supreme Court articulated the standard in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which is widely accepted as the appropriate standard for all ineffective assistance of counsel claims. The standard is firmly grounded in the belief that counsel plays a role that is "critical to the ability of the adversarial system to produce just results." *Id.* at 685, 104 S. Ct. at 2063. The *Strickland* standard is a two-prong test: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that this deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* at 687, 104 S. Ct. at 2064. The *Strickland* court further explained the meaning of "deficient performance" in the first prong of the test in the following way: In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. . . . No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. *Id.* at 688-89, 104 S. Ct. at 2065. The petitioner must establish "that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)).

As for the prejudice prong of the test, the *Strickland* court stated that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S. Ct. at 2068; *see also Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994) (concluding that petitioner failed to establish that "there is a reasonable probability that, but for counsel's errors, the

outcome of the proceedings would have been different").

The issues of deficient performance of counsel and possible prejudice to the defense are mixed questions of law and fact and, thus, are subject to *de novo* review by the appellate court. *See Wiley v. State*, 183 S.W.3d 317, 325 (Tenn. 2006); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The reviewing court must indulge a strong presumption that the conduct of counsel falls within the range of reasonable professional assistance, *see Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed due to inadequate preparation. *See Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). The fact that a strategy or tactic failed or hurt the defense does not, alone, support the claim of ineffective assistance of counsel. *See Thompson v. State*, 958 S.W.2d 156, 165 (Tenn. Crim. App. 1997). Finally, a person charged with a criminal offense is not entitled to perfect representation. *See Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). As explained in *Burns*, 6 S.W.3d at 462, "[c]onduct that is unreasonable under the facts of one case may be perfectly reasonable under the facts of another."

We conclude that the record supports the post-conviction court's dismissal of the petition for post-conviction relief. During the hearing on the petition for post-conviction relief, the post-conviction court accredited the testimony of trial counsel over the testimony of the petitioner. Counsel testified that he prepared for trial by reviewing all the prior trial testimony and by hiring a private investigator. He reviewed the private investigator's work with the petitioner. He also sought a severance for the petitioner, which was denied by the trial court and affirmed by this court on appeal. The petitioner made no further argument on appeal to support his position and failed to show that counsel's performance was either deficient or prejudicial. The petitioner is not entitled to relief on this issue.

Next, the petitioner argues that the trial court should have granted him a severance from his co-defendants. This court has previously determined this issue in the direct appeal of this case. *See State v. Mickens*, 123 S.W.3d at 383-87. The Post-Conviction Procedure Act precludes review of previously determined issues. T.C.A. § 40-30-106(g)-(h). Tennessee Code Annotated section 40-30-106(h) states that a ground for relief is previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced evidence." Counsel sought a severance, but the motion was denied by the trial court. Counsel unsuccessfully appealed the denial of the severance to this court. Therefore, this issue is previously determined, and the petitioner is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE